1  BARRY J. PORTMAN
   Federal Public Defender
2  MANUEL U. ARAUJO
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA  95113
4  Telephone:  (408) 291-7753

5  Counsel for Defendant HOWELL

6
                    IN THE UNITED STATES DISTRICT COURT
7
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9
   UNITED STATES OF AMERICA,              )    No. CR 08-00322- JF (RS)
10                                         )
                    Plaintiff,             )    NOTICE OF MOTION FOR
11                                         )    RECONSIDERATION OF DENIAL OF
   vs.                                     )    PRETRIAL RELEASE: MEMORANDUM
12                                         )    OF POINTS AND AUTHORITIES, AND
   HOWARD BEAU HOWELL,                     )    DECLARATION
13                                         )
                    Defendant.             )    **HON. RICHARD SEEBORG**
14                                         )
                                           )    Date:   June 23, 2008
15  _____)    Time:  9:30 a.m.

16        TO: UNITED STATES MAGISTRATE/JUDGE RICHARD SEEBORG and to the

17  United States of America acting through its attorney of record, Assistant United States Attorney

18  Jeffrey Schenk, and to Pretrial Services Officer Anthony Granados;

19        PLEASE TAKE NOTICE that on June 23, 2008, at 9:30 a.m., the defendant will make a

20  motion for bail and rely in support thereof on the Points and Authorities set forth herein and the

21  attached Declaration, as well as other argument and/or evidence that may be produced at that

22  time.

23        Specifically, the defendant requests that the court set an unsecured bond in the amount of

24  $100,000 to be signed by his mother Ana Solis, that the Court order Mr. Howell released from

25  the United States Marshal's custody, and that Pretrial Services place Mr. Howell in a residential

26  drug treatment program, Pathways or some other suitable drug treatment program, as a condition

1    of his bond.  Further, the Court should be order that Mr. Howell submit to drug testing as

2    directed by Pretrial Services while on the bond.  Additional conditions should include the

3    standard travel restriction to the Northern District of California.

4

5    Dated: June 19, 2008                    Respectfully Submitted,

6                                            BARRY J. PORTMAN,
                                             Federal Public Defender
7
                                             _____/S/_____
8                                            MANUEL U. ARAUJO,
                                             Assistant Federal Public Defender
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

a.    **Introduction and Summary of the Case History**

3    Mr. Howard Howell is charged with one count of violating 18 U.S.C. § 472, possession

4  of counterfeit obligations or securities.  He was arrested on March 7, 2008, and ordered

5  temporarily detained.  On March 2008, the parties agreed that Mr. Howell would benefit from

6  placement at the New Bridge Foundation in Berkeley, a dual diagnostic facility.  Before the

7  Court ordered Mr. Howell released to New Bridge, a staff member from New Bridge interviewed

8  Mr. Howell to screen his suitability for placement within the program.  On March 27, 2008, the

9  Court ordered Mr. Howell's released on a one-hundred dollar bond, signed by his mother, on the

10  condition that he reside at New Bridge Foundation, in Berkeley, California.

11    It was the defense expectation that New Bridge was aware of the ADHD component and

12  agreed to treat his ADHD and drug dependency.   However, New Bridge provided no treatment

13  for ADHD, conducted no tests to determine that he was not ADHD, and treated him as if he was

14  not suffering from ADHD.   Mr. Howell became frustrated and complained to his attorney that he

15  was not receiving the treatment that had been discussed during the bail hearing.

16    On April 17, 2008, the defendant came before Magistrate Judge Howard Lloyd for a

17  status conference hearing.  The defense voiced its complaint regarding the lack of treatment for

18  ADHD, and requested a hearing to address what treatment, if any, Mr. Howell was  receiving for

19  his ADHD condition, and if not, why not?  The Court set a hearing for April 23, 2008, at 1:30

20  p.m.

21    On April 18, 2008, Pretrial Services filed a report with the court regarding Mr. Howell's

22  placement at New Bridge and the treatment he was receiving.   Dr. Levine, as represented in the

23  report, said that he did not see sufficient evidence of ADHD.  However, the report does not

24  provide a sufficient basis for concluding that Dr. Levine had observed the defendant for any

25  length of time, or had any meaningful sessions with the defendant.  There was also no claim that

26  the Doctor had administered any objective test which would enable him to conclude that Mr.

1    Howell suffered from an antisocial personality disorder.

2    Mr. Howell was frustrated over the lack of appropriate treatment, a course of treatment

3    which Pretrial Services represented that New Bridge would provide to him.  On Monday, April

4    21, 2008, Mr. Howell had an exchange of unpleasant words with an individual at the facility.

5    Wishing to defuse the situation, and not have it escalate into a physical confrontation, Mr.

6    Howell left New Bridge and called his attorney.  Later, in the day and after speaking to Pretrial

7    Service's Officer Victoria Gibson, Mr. Howell's attorney told him that New Bridge would not

8    take him back because he left the program without authorization and that he should turn himself

9    in.

10    A day and a half later, on April 23, 2008, Mr. Howell self-surrendered himself to the

11    Court, and the Court revoked his bail and remanded him into custody.  Mr. Howell has been in

12    custody since that date.

13           **b.**    **Overview of the Bail Reform Act**

14    The Bail Reform Act of 1984 (codified as amended at 18 U.S.C. §§ 3141-3156)

15    authorizes courts to release or detain persons who have been arrested and sets forth the

16    procedures which courts must follow.  <u>See</u> 18 U.S.C. § 3141(a).  A court must either (1) release

17    the person on personal recognizance or unsecured appearance bond pursuant to section 3142(b);

18    (2) release the person on a specified condition or combination of specified conditions in

19    accordance with section 3142(c); or (3) detain the person pursuant to specified provisions as set

20    forth in section 3142(e).

21    Congress intended the Bail Reform Act to authorize detention only in the rarest of

22    circumstances.  <u>United States v. Motamedi</u>, 767 F.2d 1403, 1405 (9th Cir. 1985).  To detain a

23    person pending trial, a court must find that "no condition or combination of conditions will

24    reasonably <u>assure the appearance of the person</u> as required and the safety of any other person and

25    the community . . . ."  18 U.S.C. § 3142(e).  (Emphasis added.)

26    A finding that no condition or combination of conditions will reasonably assure the

1    person's appearance as required must be supported by a "clear preponderance of the evidence,"

2    <u>Motamedi</u>, 767 F.2d at 1406.[1]

3          c.    <u>Defendant Is Not a Flight Risk</u>.

4          The defendant is not a flight risk as evidenced by the fact that after he left New Bridge

5    under a stressful situation, he appeared in court and attended the previously scheduled hearing.

6    The primary purpose of bail is to assure that the defendant appears in court to face the charges.

7    Mr. Howell's self-surrender to the court is an indication that he has every intention of making his

8    court appearances.

9          While the defendant's action of leaving the New Bridge facility was wrong, it is common

10   for persons committed to a residential drug rehabilitation program to leave under stress, only to

11   return to the facility.  For example, Mr. Joseph A. Moore, Mr. Howell's codefendant, walked

12   away from Pathways yet was allowed to return to the program.  The defense believes that the fact

13   that Mr. Howell had complained in open court about New Bridge's lack of treatment and that he

14   had requested an evidentiary hearing to air the complaint, contributed to the refusal to allow him

15   to return to the program.  But, that should not be a sufficient basis to deny Mr. Howell the

16   opportunity at a meaningful attempt at drug treatment while awaiting trial.  With the exception of

17   his leaving New Bridge on April 21, 2008, there is no evidence that Mr. Howell violated any of

18   New Bridge's rules and regulations.  Counsel is not aware of any rule violation write-ups or

19   complaints to Pretrial before Mr. Howell complained about the lack of ADHD treatment.

20         Mr. Howell is not charged with a violent crime, and his leaving the New Bridge facility

21   had nothing to do with a desire to avoid prosecution on the charges.  He has appeared at all his

22   court hearing and will continue to do so.

23         Mr. Howell should be given another opportunity at drug treatment.  He appreciates the

24   seriousness of not following the rules, and the importance of not walking away from the program

25

26

---

[1]    The rebuttable presumption of 18 U.S.C. § 3142(e) does not apply to this case.

1   because of the frustration that most drug dependant persons come under while in treatment.  He

2   had represented to counsel, and will do so to the Court, that he will not walk away from a drug

3   treatment program and will follow the institution's rules and requirements.

4                                                   Respectfully Submitted,

5                                                   BARRY J. PORTMAN,
                                                    Federal Public Defender
6

7                                                          /S/

8   Dated:  June 19, 2008
                                                    Manuel U.  Araujo,
9                                                   Assistant Federal Public Defender

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

DECLARATION OF COUNSEL

2

I, Manuel U. Araujo, declare as follows:

3    1.    On March 7, 2008, the Court appointed the Office of the Federal Public Defender to

4          represent Mr. Howard Beau Howell in case number CR 08-00080- JF (RS).

5    2.    The facts and allegations set forth in the motion for bail are based on my personal

6          knowledge of the facts and where not based on personal knowledge are based on

7          information and belief.

8          I declare under the penalty of perjury that the above is true and correct.  Dated this June

9    19, 2008, in the City of San Jose, the State of California.

10

11                                        _____/S/_____
                                        Manuel U.  Araujo,
12                                        Assistant Federal Public Defender

13

14

15

16

17

18

19

20

21

22

23

24

25

26